## Wilson *vs.* Green.

In summary proceedings by *landlord* against *tenant* to obtain possession of demised premises, this court have no authority under the *common law certiorari* to quash the proceedings, although the officer having charge of the matter *improperly refuse to grant an adjournment;* nor have they authority to do so, although it appear from the return that the *title of the landlord had expired,* and yet that a verdict was found in his favor, and that the tenant was dispossessed.

Landlord and tenant. In this case Green instituted proceedings against Wilson, under the statute, for holding over after the expiration of his term, certain premises which had been demised to him. In the progress of the cause, Wilson applied for an adjournment, which was refused by the judge before whom the proceedings were had. A trial was then had before a jury, who found a verdict in favor of Green. Wilson sued out a *certiorari,* to which a return was made *setting forth the evidence in the cause.*

*W. H. Shankland,* for the plaintiff in error.

*B. Niles,* for the defendant in error.

*By the Court,* Cowen, J. The affidavit upon which the application was made for an adjournment was clearly insufficient; but if otherwise, we cannot notice the objection. It is not properly a part of the record.

The return, I think, shows that, in evidence on the trial, the defendant proved that the plaintiff had parted with his title before he commenced the proceedings; but that we cannot notice, according to the case of *Birdsall* v. *Phillips,* 17 *Wendell,* 464.

Proceedings affirmed.